IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

IN RE APPLICATION OF THE
UNITED STATES OF AMERICA FOR
AN ORDER PURSUANT TO
18 U.S.C. § 2703(d)

MAGISTRATE NO. 16 . 0 5 4 2 M

UNDER SEAL

## APPLICATION OF THE UNITED STATES
## FOR AN ORDER PURSUANT TO 18 U.S.C. § 2703(d)

The United States of America, moving by and through its undersigned counsel, Conor Lamb, respectfully submits under seal this *ex parte* application for an Order pursuant to 18 U.S.C. § 2703(d). The proposed Order would require T-Mobile, a cellular service provider, to disclose certain records and other information pertaining to cellular telephone number **(412) 330-9725** [herein after referred to as **Target Telephone #1 (TT#1)**]  with service provided by T-Mobile, as described in Part I of Attachment A to the proposed Order. The records and other information to be disclosed are described in Part II of Attachment A to the proposed Order.  In support of this application, the United States asserts:

LEGAL BACKGROUND

1.      T-MOBILE is a provider of an electronic communications service, as defined in 18 U.S.C. § 2510(15), and/or a remote computing service, as defined in 18 U.S.C. § 2711(2).  Accordingly, the United States may use a court order issued under § 2703(d) to require T-MOBILE to disclose the items described in Part II of Attachment A.  See 18 U.S.C. § 2703(c)(2) (Part II.A of Attachment A); 18 U.S.C. § 2703(c)(1) (Part II.B of Attachment A).

2.      This Court has jurisdiction to issue the proposed Order because it is "a court of competent jurisdiction," as defined in 18 U.S.C. § 2711.  See 18 U.S.C. § 2703(d). Specifically, a United States Magistrate Judge of the District Court in the Western District of

Pennsylvania has jurisdiction over the offense being investigated. See 18 U.S.C. § 2711(3)(A)(i).

3.     A court order under § 2703(d) "shall issue only if the governmental entity offers specific and articulable facts showing that there are reasonable grounds to believe that the contents of a wire or electronic communication, or the records or other information sought, are relevant and material to an ongoing criminal investigation." 18 U.S.C. § 2703(d). Accordingly, the next section of this application sets forth specific and articulable facts showing that there are reasonable grounds to believe that the records and other information described in Part II of Attachment A are relevant and material to an ongoing criminal investigation.

<u>THE RELEVANT FACTS</u>

4.     The following information was provided to the undersigned applicant by ATF Senior Special Agent Maurice J. Ferentino. Agent Ferentino has been employed by the ATF since 1998. As a Senior Special Agent employed by the ATF, he is responsible for investigating violations of federal law, including 18 U.S.C. § 924(c) (Using and Carrying a Firearm During and in Relation to a Crime of Violence or Possessing a Firearm in Furtherance of a Crime of Violence).

5.     Agent Ferentino is aware as a result of his training and experience that people now rely heavily in their day-to-day activities on their cellular telephones and related communications. These communications, in the form of telephone calls, voice messages, sms text messages, and other similar communications, cause their cellular telephones to emit and receive electronic signals to and from cellular telephone company cell towers. The cellular telephone company records of the interaction between these signals and the cell towers used to receive and send them can indicate the general geographic location of the individual using a particular cellular telephone at a particular moment in time.

2

6.      On April 27, 2016, at approximately 8:00 am, the Northern Regional Police Department received a call regarding a suspicious person changing the license plate on a silver Lexus sedan parked in front of the PETCO retail store located in the Northtowne Square Shopping Center in Gibsonia, PA.  The suspicious male was more fully described as a skinny, black, male, with dreadlocks, wearing Nike pants.

7.      Moments later, NRPD was alerted to an armed robbery of a delivery driver that had just occurred in front of the Giant Eagle grocery store located in the same shopping center just south of the PETCO.  Witnesses at the scene described the suspects as two black males.  Suspect #1 was described as a skinny, black, male, clothed in a hooded sweatshirt and black nylon type pants.  Suspect #1 was reported to be armed with a handgun which he pointed at the delivery driver while repeatedly ordering him into the truck while struggling with him briefly.  Suspect #2 was not described any further. Witnesses further provided information that the suspect fled the scene southbound in a silver Lexus sedan bearing Pennsylvania (PA) registration JMD-6352.

8.      An interview of the delivery driver was conducted by responding officers and it was learned he was a courier for Special Services Delivery (SSD) and was delivering controlled substances to numerous pharmacies including the Giant Eagle Pharmacy.  The delivery driver advised the Giant Eagle Pharmacy was his first delivery of the day.  On May 2, 2016, I reviewed a list of controlled substances that were contained on the delivery van at the time of the attempted robbery.  Amongst other items, the van contained Fentanyl Patches, Suboxone, Methadone, Oxycontin and Adderall for McKesson Inc.

9.      A Be On The Lookout (BOLO) was broadcasted to law enforcement for the silver Lexus and the vehicle was stopped by Hampton Township Police Department on State

Route 8 heading south.  At that point, the Lexus was bearing a Pennsylvania license plate, KBB 5104, which is registered to ANTHONY BAILEY, among others.  As noted below, your affiant believes that the occupants changed the license plate both before and after the robbery.  The occupants, RAYMOND DENSON, ANTHONY BAILEY and DAVID LIPINSKI were detained and lined up against the silver Lexus. Four witnesses were brought to the location where the suspects were detained and lined up against the vehicle. Eye-witnesses, including the delivery driver, identified LIPINSKI as the suspect who approached and struggled with the driver and possessed a firearm.  One witness identified the clothing LIPINSKI was wearing as similar to the clothing of one of the suspects she observed involved in the robbery.   The silver Lexus was towed to the NRPD lot until a search warrant could be obtained.

10.    On April 27, 2016, a search warrant for the silver Lexus was applied for by NRPD Sergeant Bertram Lott and obtained from District Magistrate Thomas Swan. Recovered, amongst other items, from the silver Lexus was a fully loaded Titan, Model: Tiger, .38 Caliber, Revolver, Serial Number: N043910, rubber gloves, work gloves, articles of clothing and the two cellular telephones one of which is **TT#1**

11. On May 4, 2016, DAVID LIPINSKI, was removed from the Allegheny County Jail (ACJ) on an Allegheny County writ and transported to the ATF Pittsburgh where he was interviewed by SSA Ferentino, SA Michael Namey and City of Pittsburgh Bureau of Police Detectives Paul Kirby and Paul Roetter. LIPINSKI provided the following information:

12. LIPINSKI, an admitted habitual user of crack cocaine, explained that he participated in the attempted robbery with DENSON, who was the driver, and BAILEY, who appeared to be the leader of the operation.  Both BAILEY and DENSON used their cellular telephones before the robbery, while all three were in the car together.  LIPINSKI described

4

DENSON's cellular telephone **(TT#1)** as an "Obama Phone" that was smaller in size than BAILEY's. Your Affiant knows, through training and experience, that Budget Mobile offers Government assisted cell phone services to low income families and individuals. These cellular telephones are often referred to as "Obama Phones". An inspection of the Budget Mobile telephone recovered during the captioned Search Warrant revealed it was in fact markedly smaller than the other cellular telephone recovered. Both telephones had orange and/or red and black coloring, thus corroborating LIPINSKI's statement that BAILEY's phone appeared orange and black to him. LIPINSKI's statement was confirmed when DENSON was interviewed by your affiant on May 16, 2016, and DENSON admitted that he was arrested with an "Obama phone."

13. LIPINSKI also explained that, before the attempted robbery, he went with DENSON and BAILEY to the warehouse from which the targeted delivery truck departed. The three of them watched the truck in order to determine where and when to rob it, and evidence from a nearby rest stop supports the presence of DENSON in the same area as the warehouse. However, determining the location of DENSON's cellular phone, **TT#1**, would allow investigators to corroborate LIPINSKI's version of events. LIPINSKI's report that DENSON was present for the surveillance of the truck before the attempted robbery would provide important evidence concerning DENSON's intent with respect to the robbery attempt, and thus the request information is relevant and necessary to determine if it shows that DENSON's phone, **TT#1**, was in the same area as the warehouse on the morning of the attempted robbery.

14. A federal search warrant signed by United States Magistrate Judge Cynthia R. Eddy on May 10, 2016, was executed on May 12, 2016. The search warrant authorized a complete search of the contents of the both handsets of the cellular telephones

recovered from the silver Lexus sedan on April 27, 2016. The cellular telephone **(TT#1)** which was a Budget Mobile phone, as described above, and is believed to have been used by DENSON, was manually and electronically searched for its assigned telephone number and other information. Through these searches of the telephone, the following information was learned regarding its service provider and assigned number:

      a. **TT#1's** assigned telephone number was (412) 330-9725.

      b. (412) 330-9725 is administered by T-Mobile.

15.    Senior Special Agent Ferentino is aware that on May 17, 2016, DENSON, LIPINSKI and BAILEY were charged via federal criminal complaint in the Western District of Pennsylvania before United States Magistrate Judge Lisa Pupo Lenihan. The complaint, applied for by Senior Special Agent Ferentino, charged each with violating 8 U.S.C. § 922(g)(1) (Felon in Possession of a Firearm), § 924(c) (Using and Carrying a Firearm During and in Relation to a Crime of Violence), and 18 U.S.C. § 1951 (Attempt and Conspiracy to Commit Hobbs Act Robbery).

<u>REQUEST FOR ORDER</u>

16.    The facts set forth in the previous section show that there are reasonable grounds to believe that the records and other information described in Part II of Attachment A are relevant and material to an ongoing criminal investigation. Specifically, these items will help the United States to identify and locate the individuals who are responsible for the events described above, and to determine the nature and scope of their activities around the time of the attempted robbery on April 27, 2016. Accordingly, the United States requests that T-MOBILE be directed to produce all items described in Part II of Attachment A to the proposed Order.

17.    The United States further requests that the Order require T-MOBILE not to notify any person, including the subscriber or customer of the account listed in Part I of

Attachment A, of the existence of the Order until further order of the Court. See 18 U.S.C. § 2705(b). This Court has authority under 18 U.S.C. § 2705(b) to issue "an order commanding a provider of electronic communications service or remote computing service to whom a warrant, subpoena, or court order is directed, for such period as the court deems appropriate, not to notify any other person of the existence of the warrant, subpoena, or court order." Id. In this case, such an order would be appropriate because the requested Order relates to an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation, and its disclosure may alert the targets to the ongoing investigation. Accordingly, there is reason to believe that notification of the existence of the requested Order will seriously jeopardize the investigation, including by giving targets an opportunity to flee or continue flight from prosecution, destroy or tamper with evidence, change patterns of behavior, or notify confederates. See 18 U.S.C. § 2705(b)(2), (3), (5). Some of the evidence in this investigation is stored electronically. If alerted to the investigation, the subjects under investigation could destroy that evidence, including information saved to their personal computers.

18. The United States further requests that the Court order that this application and any resulting Order be sealed until further Order of the Court. As explained above, these documents discuss an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation. Accordingly, there is good cause to seal these documents because their premature disclosure may seriously jeopardize that investigation.

Respectfully submitted,

DAVID J. HICKTON
UNITED STATES ATTORNEY


Conor Lamb
Assistant U.S. Attorney
PA Bar No. 304874